**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

CASE NO: 10-23276-CIV-KING

KARLA MONICA OROZCO,

      Plaintiff,

v.

PRINCESS CRUISE LINE, LTD.
d/b/a PRINCESS CRUISES,
a foreign corporation,

      Defendants.

_____/

**ORDER GRANTING DEFENDANT'S MOTION TO COMPEL ARBITRATION**
**AND SEVERING CHOICE OF LAW PROVISION**

THIS CAUSE is before the Court upon Defendant Princess Cruise Line's Motion to Compel Arbitration, filed September 10, 2010. (D.E. #3). Plaintiff Orozco responded on September 23, 2010 (D.E. #5), and Defendant filed a Reply Memorandum on September 30, 2010. (D.E. #8). Plaintiff originally filed the Complaint in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida on June 3, 2010, asserting claims for (1) Jones Act negligence; (2) Unseaworthiness; (3) Failure to Provide Prompt, Adequate and Complete Medical Treatment; and (4) Failure to Timely Provide Entire Maintenance and Cure. (D.E. #1(5)). Defendant removed to the United States District Court for the Southern District of Florida on September 10, 2010. (D.E. #1).

## I. Background

In 2007, Plaintiff was employed as a buffet stewardess aboard Defendant's ship, the M/S ROYAL PRINCESS. (D.E. #1(5)). Prior to the commencement of her employment with Defendant, Plaintiff signed an Acceptance of Terms and Conditions ("Acceptance") on April 4, 2007. (D.E. #1(4)). The Acceptance was a standard agreement that set forth some basic terms of Plaintiff's employment, including the position she accepted, her monthly hours and compensation, and Plaintiff's acceptance of the more detailed terms contained in a separate document, the Principal Terms and Conditions of Employment ("Terms"). *Id.*

The Acceptance also contained a paragraph titled, "ARBITRATION NOTICE & AGREEMENT," wherein Plaintiff acknowledged the existence of an arbitration agreement in the Terms, and further agreed "that any and all disputes shall be referred to and resolved by arbitration as provided for in the [Terms]." *Id.* Article 14 of the Terms, entitled "Governing Law, Arbitration, Venue and Examinations," states that any disputes arising out of the employment agreement, including personal injury, will be governed by Bermuda law and arbitrated in Bermuda or California. (D.E. #1(4)). Article 15 provides that "the conditions of these Terms is severable. If any clause of these Terms is determined to be void or otherwise unenforceable by any court or tribunal of competent jurisdiction, then the remainder of the Terms shall stand in full force and effect." *Id.*

Plaintiff alleged that while she worked for Defendant, she was sexually harassed

2

by Luigi Pascale, a Maitre'D on the M/S ROYAL PRINCESS, who was Plaintiff's supervisor. (D.E. #1(5), ¶16). She alleges that Pascale punished her for rebuffing his advances by assigning Plaintiff an excessive work schedule. *Id.*, ¶20. In July 2007, Plaintiff began experiencing back, leg, ankle, and foot pain. *Id.*, ¶15. She continued to work despite the pain, but ultimately took medical leave. *Id.* Plaintiff has since undergone two surgeries on her left foot and ankle, and was diagnosed with a herniated disc in her back. *Id.* Plaintiff commenced this action seeking damages for her injuries. Defendant now argues that Plaintiff is required by their agreement to arbitrate these claims.

## II. Discussion

As an initial matter, the Court notes that there is conflicting law on the issue now raised by the parties. Two cases and their respective progeny seemingly stand in opposition to one another and demand different outcomes. Those cases are *Bautista v. Star Cruises*, 396 F.3d 1289 (11th Cir. 2005) and *Thomas v. Carnival Corp.*, 573 F.3d 1113 (11th Cir. 2009).

In *Bautista*, the plaintiffs were crewmembers or survivors of crewmembers who had been injured or killed aboard the S/S Norway, a Norwegian Cruise Line vessel. *Bautista*, 396 F.3d at 1292. After the plaintiff had filed suit alleging claims under the Jones Act, the defendant sought removal and a motion to compel arbitration on the basis of an

3

employment agreement which contained an arbitration provision covered by the United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards, *opened for signature* June 10, 1958, 21 U.S.T. 2517, 330 U.N.T.S. 3 (the "Convention"). *Id.* at 1292-93. The district court granted the motion to compel and on review the Eleventh Circuit affirmed, holding that the Convention did not preclude the application of the operative arbitration clause. *Id.* at 1302-03. In support of its holding, the Eleventh Circuit noted the following test requiring a "limited inquiry" into four jurisdictional prerequisites to arbitration: (1) whether there is an agreement in writing to arbitrate; (2) whether the agreement provides for arbitration in a territory of a signatory of the Convention; (3) whether the agreement arises out of a commercial relationship or obligations; and (4) whether a party to the agreement is not an American citizen, or there is some reasonable relationship to one or more foreign states. *Bautista*, 396 F.3d at 1294 n.7. Noting that in the instant case, like in *Bautista*, all four jurisdictional prongs are satisfied, Defendant here argues that arbitration is mandated. (D.E. #3).

Plaintiff argues in her Opposition to Defendant's Motion to Compel Arbitration that the second case, *Thomas v. Carnival Corp.*, 573 F.3d 1113 (11th Cir. 2009), requires that this Court find the arbitration provision at issue invalid and unenforceable. (D.E. #5). *Thomas*, decided four years after *Bautista*, held that an arbitration provision such as the one at issue in the instant case requiring a seaman to arbitrate a Wage Act claim in a foreign country while applying foreign law is unenforceable because it would deprive the

seaman of his statutory rights under the Wage Act. Plaintiff states in her Opposition that Defendant has argued that *Thomas* is inapplicable to the instant case, which involves claims under the Jones Act, because the *Thomas* holding was limited to claims for unearned wages under the Seaman's Wage Act. (D.E. #5 at 5).

Plaintiff misunderstands Defendant's argument. Defendant does not argue that *Thomas* is inapplicable; instead, Defendant argues that under the legal framework set out by *Thomas*, the facts of the instant case demand a different result. (D.E. #3). Specifically, Defendant states that it stipulates that it will waive the conflict of law provision in its Terms for purposes of this dispute, and that the arbitrator will be able to apply U.S. law to the statutory claims if Plaintiff so chooses. *Id.* Defendant argues that this stipulation addresses the public policy concerns in *Thomas* because the choice-of-forum and choice-of-law provisions no longer "operate[] in tandem as a prospective waiver of [Plaintiff]'s right to pursue statutory remedies." *See id.*; *Thomas*, 573 F.3d at 1121.

Thus, it appears that both Parties are in agreement that *Thomas* applies to the instant dispute, which is in accord with the recent decisions of the Court.[1] *See, e.g., Meneses v.*

---

[1]However, the issue of which case—*Bautista* or *Thomas*—controls the issue now before the Court has caused a split among courts in the Southern District of Florida. *See Cardoso v. Carnival Corp.*, 2010 WL 996528 (S.D. Fla. Mar. 16, 2010) (holding that *Thomas* applies to Jones Act claims); *Sorica v. Princess Cruise Lines, Ltd.*, No. 09-CV-20917-HUCK (S.D. Fla. Aug. 4, 2009) (same). *But see Bulgakova v. Carnival Corp.*, No. 09-CV-20023-SEITZ (S.D. Fla. Feb. 26, 2010) (holding that *Bautista*, rather than *Thomas*, applies to the Jones Act); *Pineda-Lindo v. NCL (Bahamas) Ltd.*, No. 09-CV-

*Carnival Corp.*, -- F. Supp. 2d --, 2010 WL 3221953 (S.D. Fla. Aug. 4, 2010) (holding

that *Thomas* applies to Jones Act claims).

## III. ANALYSIS

As an initial matter, it cannot be disputed that all four *Bautista* jurisdictional

prerequisites to the enforcement of an arbitration agreement under the Convention are

satisfied here. Plaintiff signed the Acceptance, obligating her to arbitrate according to the

Terms. (DE #1(3), (4)). The Agreement clearly defines the appropriate territory of the

location at which arbitration should take place, (DE #1(4) at 10), and Bermuda is

undisputedly a signatory to the Convention. During all material times to this matter,

Plaintiff was employed by Defendant and therefore the third prong of the *Bautista* test is

satisfied. (DE #1(5)). Lastly, Plaintiff is a citizen of Mexico, (D.E. #1(5), ¶1), and

Defendant is a Bermuda corporation (D.E. #3), which satisfies the fourth and final prong

of *Bautista*.

However, as noted by *Bautista* and argued by Plaintiff, any inquiry must consider

the affirmative defenses noted in the Convention. *Bautista*, 396 F.3d at 1301-02. "The

Convention requires that courts enforce an agreement to arbitrate unless the agreement is

'null and void, inoperative or incapable of being performed.'" *Id.* at 1301 (quoting the

Convention). Indeed, the Eleventh Circuit noted in *Thomas* that the "public policy"

---

22926-GRAHAM (S.D. Fla. Dec. 18, 2009) (same).

provision of Article V(2)(b) of the Convention—providing that "[t]he recognition or enforcement of an arbitral award may also be refused if . . . [t]he recognition or enforcement of the award would be contrary to the public policy of that country"—also qualifies as an affirmative defense. 573 F.3d at 1120.

Here, Plaintiff argues that under the reasoning of *Thomas*, the choice of law and choice of forum provisions render the arbitration clause unenforceable because they operate in tandem to deprive Plaintiff of his U.S. statutory remedy under the Jones Act. Pl.'s Opp. at 4-5. In response, Defendant argues that *Thomas* is distinguishable on the grounds that "the Defendant in *Thomas* insisted on the application of the choice of law provision which rendered the agreement a prospective waiver of Plaintiff's statutory remedies." (D.E. #3, n.2). The *Thomas* court noted that arbitration clauses should be upheld only "if it is evident that either U.S. law definitely will be applied or if, there is a possibility that it might apply and there will be later review." *Id*. at 1123. Here, given Defendant's stipulation, U.S. law definitely will be applied if Plaintiff so chooses.

Furthermore, there is no doubt in the strong federal interest in arbitration. *See, e.g.*, *Rent-A-Center, Inc. v. Jackson*, 130 S.Ct. 2772 (2010). Courts, where possible, will enforce arbitration agreements according to their terms. 130 S.Ct. at 2776–8. Nonetheless, where, as here, an arbitration agreement contains a severability provision, a court may choose to excise any invalid provision of the underlying contract. *See Cardoso v. Carnival Corp.*, 2010 WL 996528 at *3–5 (S.D. Fla. Mar. 16, 2010). This Court

7

therefore concludes that severing the choice of law provisions in the Acceptance and the Terms, as stipulated by Defendant, is the appropriate remedy.

Plaintiff's remaining arguments are without merit. Plaintiff argues that Defendant's failure to attach a Collective Bargaining Agreement to its Motion to Compel Arbitration renders Plaintiff's claims inarbitrable. (D.E. #5). Although the Terms refer to "the applicable Seaman's Collective Bargaining Agreement ("CBA"), *if any*," there is no CBA governing the terms of Plaintiff's employment. (D.E. #1(4) at 10 (emphasis added)); D.E. #8). Plaintiff also argues that the arbitration clause is unconscionable because it is "presented to crew members on a take it or leave it basis," (D.E. #5 at 11), an argument that was squarely rejected by the Eleventh Circuit in *Bautista*. 396 F.3d 1289, 1302 ("While . . . economic hardship might make a prospective Filipino seaman susceptible to a hard bargain during the hiring process, Plaintiffs have not explained how this makes for a defense under the Convention."). Plaintiff further argues that the arbitration clause is unconscionable because arbitration and travel to Bermuda will be costly for her. (D.E. #5 at 12). However, she does not explain how it will be more expensive than litigation, or how travel from Mexico to Bermuda will be costlier than travel from Mexico to Miami. *See id.* Furthermore, several judges in this district have already rejected such a "prohibitive costs" defense under the Convention. *See Krstic v. Princess Cruise Lines, Ltd.*, 706 F.Supp. 2d 1271, 1278 (S.D. Fla. 2010) ("The alleged financial hardship cannot invalidate the agreement to arbitrate.") (Gold, J.); *Gawin v. Princess Cruise Lines, Ltd.*,

706 F.Supp. 2d 1261, 1263–4 (S.D. Fla. 2009) ("The Court is not convinced that simply stating the costs and fees of arbitration are prohibitive . . . can defeat an otherwise enforceable arbitration agreement.") (Ungaro, J.). The costs associated with arbitrating Plaintiff's claims do not alone render the arbitration agreement unenforceable.

Additionally, Plaintiff argues that a 2008 amendment to the Jones Act, which replaced the venue provisions of the Jones Act with those contained in the Federal Employers Liability Act ("FELA"), 45 U.S.C. § 51 *et seq*, prohibits the enforcement of venue selection clauses for claims under the Jones Act. (D.E. #5 at 15). However, the cases cited by Plaintiff do not support her position. In *Harrington v. Atlantic Sounding*, 602 F.3d 113, 124 (2d Cir. 2010), the Second Circuit held that FELA did not apply to seaman arbitration agreements and noted that its decision was aligned with that of "every other court that has decided the issue." Plaintiff also relies on a footnote in *Rozanska v. Princess Cruise Lines*, which states that caselaw interpreting FELA prohibits enforcement of venue selection clauses for FELA workers, and "appears to apply in Jones Act cases to prohibit venue selections [sic] clauses . . . from being enforced." No. 07-23355-GOLD/MCALILY, 2008 U.S. Dist. LEXIS 95773, AT *17–8, n.5 (S.D. Fla. 2008). However, that entire paragraph is dicta, as the court expressly based its decision on a different analysis. *Id.*

Finally, Plaintiff argues for the first time in her Memorandum in Opposition to Plaintiff's Motion to Compel Arbitration that she was raped by the M/S ROYAL

9

PRINCESS Maitre'D. (D.E. #5 at 21–3). Plaintiff correctly states that allegations of rape are not subject to arbitration under the Convention. *Id.* However, there are no allegations of rape in Plaintiff's Complaint, and those allegations are therefore not properly before the Court for consideration of this motion. (D.E. #1(5)).

## IV. CONCLUSION

Accordingly, after careful consideration and the Court being otherwise fully advised, it is **ORDERED, ADJUDGED, and DECREED** that:

1. Defendant's Motion to Dismiss and Compel Arbitration (DE #3) is hereby **GRANTED in PART**.

2. The choice of law provision is hereby **STRICKEN** from Plaintiff's Principle Terms and Conditions of Employment and shall be treated by the parties as null and void.

3. Plaintiff's claims shall be **SUBMITTED TO ARBITRATION** in accordance with the arbitration clause of the Acceptance of Terms and Conditions and the Principle Terms and Conditions of Employment, and the arbitrator shall **APPLY** U.S. statutory law.

4. This case is **STAYED**. The Clerk shall **ADMINISTRATIVELY CLOSE** this case.

5. The Court **RETAINS** jurisdiction for enforcement of the arbitral award, if

appropriate.

**DONE AND ORDERED** in Chambers at the James Lawrence King Federal Justice

Building and United States Courthouse, Miami, Florida, this 7th day of October, 2010.

James Lawrence King
United States District Judge

cc:
**Counsel for Plaintiff**

**Glenn J. Holzberg, Esq.**
Law Offices of Glenn J Holzberg
7685 SW 104th Street
Suite 220
Miami, FL 33156-3151
305-668-6410
Fax: 667-6161
Email: gholzbrg@bellsouth.net

**James Madison Walker, Esq.**
Walker & O'Neill PA
7301 SW 57th Court
Plaza 57 Suite 430
South Miami, FL 33143
305-995-5300
Fax: 995-5310
Email: jwalker@cruiselaw.com

**Counsel for Defendant**

**Jerry Dean Hamilton, Esq.**
Hamilton Miller & Birthisel LLP
150 SE 2nd Avenue

Suite 1200
Miami, FL 33131
305-379-3686
Fax: 379-3690
Email: jhamilton@hamiltonmillerlaw.com

**Gilda M. Chavez, Esq.**
430 N.W. 127th Avenue
Miami, FL 33182
305-479-8613
Fax: 305-225-0286
Email: gildachavez@hotmail.com

12